IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2001

## STATE OF TENNESSEE v. JAXIE RAYMOND JONES

**Direct Appeal from the Criminal Court for Johnson County**
**No. 3664    Robert E. Cupp, Judge**
**AND**
**Direct Appeal from the Criminal Court for Washington County**
**No. 14189    Robert E. Cupp, Judge**

**No. E2001-00188-CCA-R3-CD**
**March 15, 2002**

In these consolidated appeals, the Appellant, Jaxie Raymond Jones, has appealed from orders of the criminal courts of Washington County and Johnson County. His "Motion For Order Directing Joe C. Crumley, 1ˢᵗ Judicial District Attorney General To Produce To Jaxie Raymond Jones, A Copy Of The Entire Case File Of Case No. 14189" was denied. Subsequently, a motion to "alter or amend judgment" was also denied, with the trial court imposing sanctions pursuant to Tennessee Code Annotated sections 41-21-801 through -818. Upon review of the entire record, we affirm the judgments of each trial court insofar as each order denies the motion. However, we reverse the order of the Johnson County Criminal Court insofar as it imposes sanctions pursuant to Tennessee Code Annotated sections 41-21-801 through -818.

**Tenn. R. App. P. 3 Appeal as of Right; Affirmed in Part and Reversed in Part.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ROBERT W. WEDEMEYER, JJ., joined.

Jaxie Raymond Jones, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

In this procedurally unusual case, the record consists of two "Technical Records," one each from the Johnson County Criminal Court and the Washington County Criminal Court. Both records were the result of a motion (original motion) filed by Appellant, which, as noted above, is an effort to obtain an order directing the district attorney general to turn over the file of Appellant's criminal case in Washington County Criminal Court in Case No. 14189.

The original motion, however, is not a part of either record on appeal. In its brief, the State has advised this Court that the original motion cannot be found. Efforts by the staff attorney of this Court, through contact with the trial court clerks of each trial court, to obtain the original motion in order to have the appellate record supplemented, have proven to be futile. The motion is not to be found. Nevertheless, we will address the issues raised by Appellant, Jaxie Raymond Jones.

According to Appellant's brief, he was convicted of six (6) counts of aggravated rape and three (3) counts of aggravated sexual battery in January 1982 in Washington County, Case No. 14189. He received an effective sentence of one hundred eighty-five (185) years, plus life. On October 19, 2000, an order was entered in the Criminal Court of Washington County, in Case No. 14189. This order denied a motion filed by Appellant which was designated as a "Motion For Order Directing Joe C. Crumley, 1st Judicial District Attorney General To Produce To Jaxie Raymond Jones, A Copy Of The Entire Case File Of Case No. 14189." The Washington County order reflects that the motion filed by Appellant alleges that Appellant was preparing to file a petition for writ of habeas corpus, and that he was in need of the district attorney general's file in order to prepare this petition.

The trial court, in its order, reasoned that Appellant must first file a petition for writ of habeas corpus in Johnson County (the county of his incarceration) and, if it presented a "colorable claim," then "discovery would be permitted pursuant to the statute." The trial court did not designate the statute which it referenced.

On October 25, 2000, Appellant filed in the Criminal Court of *Johnson County* a "Motion To Alter And/Or Amend Judgment," in which Appellant requested the trial court to vacate its order dated October 19, 2000, which denied the original motion. An identical motion to alter or amend the October 19, 2000 order was filed in the Criminal Court of *Washington County* on November 15, 2000.

Appellant also filed in both counties (October 25, 2000 in Johnson County and November 15, 2000 in Washington County) a "Response" to the trial court's denial of his original motion. Although this "Response" to the trial court's order states that it is not another request for the documents in the district attorney general's file, the "Response" cites case law and statutes in support of Appellant's assertions of the errors in the trial court's order denying the original motion.

On January 5, 2001, the trial court (the same judge signed the orders in both counties) entered an order in the Criminal Court of *Johnson County* which states in full as follows:

### *ORDER*

The Petitioner, Jaxie Raymond Jones has previously filed a "Motion For Order Directing Joe C. Crumley, 1st Judicial District Attorney General To Produce To Jaxie Raymond Jones, A Copy Of The Entire Case File Of Case No. 14189." At the time Mr. Jones filed that Motion he had not filed a writ of habeas corpus, nor a

post-conviction petition. He stated in his motion that he was "preparing for filing a petition for habeas corpus." He further alleges that "requested file(s) are essential to the preparation of the aforementioned petition."

The court dismissed that motion advising Mr. Jones that he needed to follow the statute and that he could simply not have discovery as he is attempting to do. Apparently this has fallen upon deaf ears.

Again, I direct Mr. Jones [sic] attention to Tenn. Code Ann. Sect. 29-21-101 - - 130.

IT IS THEREFORE ORDERED that Mr. Jones [sic] repeated request that this court order the Attorney General to turn over his complete file to Mr. Jones is respectfully DENIED. Furthermore, the Court finds Mr. Jones' Motion to be **frivolous** and **malicious**. Tenn. Code Ann. Sect. 41-21-804 provides as follows:

(b)     In determining whether a claim is frivolous or malicious under subsection (a), the court may consider whether or not:

(3)     The claim is substantially similar to a previous claim filed by the inmate in that the present claim arises from the operative facts.

Therefore, all cost [sic] are taxed to Mr. Jones. Mr. Jones shall be required to pay the cost [sic] as provided in Tenn. Code Ann. Sect. 41-21-807 with funds deducted from his trust account by the Department of Corrections [sic]. It is further Ordered that the clerk of this court shall not accept for filing another motion by Mr. Jones until the cost [sic] of this cause are paid in full as provided by Tenn. Code Ann. Sect. 41-21-812.

The Clerk shall forward a certified copy of this Order to the Department of Corrections [sic], the Warden of the prison where Mr. Jones is incarcerated, and to Mr. Jones, and the [sic] certify the same.

Enter this the 3rd day of January, 2001.

/s/ Robert E. Cupp
ROBERT E. CUPP
CRIMINAL COURT JUDGE

Subsequently, Appellant filed a document designated as a "Notice of Appeal" in the *Johnson County* Criminal Court. This notice of appeal clearly appeals the January 5, 2000 order entered by the trial court, and was filed within thirty (30) days of that order. See Tenn. R. App. P. 4(a).

This notice of appeal also, arguably, appeals the order entered by the trial court in *Washington County* in October 2000, but is not timely filed within thirty (30) days of the entry of that order. In both the Washington County Criminal Court and Johnson County Criminal Court, Appellant filed identical pleadings entitled "Description And Designation Of Record On Appeal." Liberally construed, the "Designation" also appeals the October 19, 2000 order denying the original motion, and will be treated as such. Again, however, it was not timely filed within thirty (30) days of the date of that order. Nevertheless, we determine that, in the interest of justice, we should waive the timely filing of the notices appealing the October 19, 2000 order. See Tenn. R. App. P. 4(a). The appeal was originally docketed in the Tennessee Court of Appeals, but by order entered in the Court of Appeals on March 9, 2001, the matter was transferred to this Court.

In his notices and in his other pleadings, Appellant complains that the trial court never addressed his "Motion To Alter And/Or Amend Judgment." We disagree and construe the January 5, 2001 order entered in the Johnson County Criminal Court to be in response to the "Motion to Alter And/Or Amend Judgment."

We first will address the order entered by the trial court in Washington County on October 19, 2000. Apparently, from the trial court's order, Appellant filed his original motion in his criminal case, designated as Docket No. 14189. He relies upon the case of Ronald L. Davis v. Robert Sanders, et al., No. M2000-01600-COA-R3-CV, 2001 Tenn. Ct. App. Lexis 199, Maury County (Tenn. Ct. App., Nashville, March 28, 2001), no Rule 11 permission to appeal filed, to support his argument that the trial court erred in dismissing the original motion. While we are at somewhat of a disadvantage as a result of the absence of this original motion in the record, we do not penalize Appellant for the incomplete record. He obviously filed the motion because an order was entered denying it. In his designation of the record on appeal, he requested (among other items) that "all papers filed in the trial court" be included in the appellate record.

Nevertheless, we conclude that Davis v. Sanders is distinguishable. In that case, a prison inmate sent a letter to the district attorney general's office in Columbia, to the circuit court clerk, to the police department, and to the county sheriff requesting those agencies to send him "copies of his arrest and investigative records." Approximately two months later, the inmate filed, in the *Chancery Court of Maury County*, a pleading styled as a "Petition For Public Record Act," and named an assistant district attorney and the chief of police as Respondents. He asserted that they had refused to send to him public records he had previously requested. Upon motion of the respondents, the Chancery Court of Maury County granted summary judgment in respondents' favor and dismissed the "Petition." The court of appeals reversed. In doing so, the appellate court reviewed the applicable law contained in Tennessee Code Annotated sections 10-7-503 and -504, relating to proper procedures for obtaining copies of public records.

Appellant, Jaxie Raymond Jones, did not follow the same procedure as did the petitioner in Davis v. Sanders. Here, Appellant only filed a post-judgment motion in the *criminal court*, in the same criminal case which had long since ended, requesting the criminal court to order the district attorney general to turn over Appellant's case file.

-4-

We are persuaded that the case of <u>State of Tennessee v. Connie Lee Arnold</u>, No. E2001-00618-CCA-R3-CD, 2002 Tenn. Crim. App. Lexis 71 (Tenn. Crim. App., Knoxville, Jan. 29, 2002), <u>deadline for filing Rule 11 app. not expired</u>, is controlling on this issue. In that case, the defendant filed a motion for the return of all property seized by the State in his case where he had been convicted of child rape and especially aggravated sexual exploitation of a minor. This Court had affirmed the convictions, and the Tennessee Supreme Court had denied permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. In <u>Arnold</u>, our court held:

> We do not see how the trial court can exercise any authority over such property through a motion once the criminal case is at an end. On the other hand, a defendant certainly has the right to sue for the return of property in any court of competent jurisdiction, and the court can rule on the merits.

<u>Id.</u> at *2.

We glean from the record that Appellant is entitled to relief, if at all, pursuant to the Public Records Act, and not by a motion filed in the criminal court in a case that was resolved long ago. Pursuant to Tennessee Code Annotated section 10-7-505, a lawsuit brought as a result of the denial of access to documents requested under the Public Record Act must be filed in the appropriate chancery court. Therefore, we conclude that the Criminal Court of Washington County did not err in denying the original motion in its order of October 19, 2000, even though its reasoning for denying the motion may have been mistaken.

Regarding the January 5, 2001 order entered in the Criminal Court of *Johnson County*, we have concluded that the trial court erred insofar as it found the pleadings filed by Appellant to be "frivolous and malicious," pursuant to Tennessee Code Annotated section 41-21-804. However, insofar as the January 5, 2001 order again denied Appellant's original motion for relief, the trial court did not err.

Turning to the designation of Appellant's pleadings as "frivolous and malicious," the State on appeal concedes that this was error by the trial court. The lower court relied upon Tennessee Code Annotated sections 41-21-804 and -807 to declare Appellant's pleadings as frivolous and malicious and to justify an order of certain sanctions. Specifically, the trial court ordered that all court costs be taxed to Appellant and that they be paid from his trust account with the Department of Correction. Furthermore, it was ordered that the trial court clerk could not accept for filing any other motions by Appellant until all court costs were paid pursuant to Tennessee Code Annotated section 41-21-812.

Part 8 of Title 41, Chapter 21 of Tennessee Code Annotated (sections 41-21-801 through -818) is entitled, "Lawsuits by Inmates." However, before the sanctions authorized by these statutes can be imposed, a "lawsuit" must meet the applicable requirements of Tennessee Code Annotated section 41-21-802, which provides in total as follows:

**41-21-802. Applicability.** – This part applies only to a claim brought by an inmate in general sessions or a trial level court of record in which an affidavit of inability to pay costs is filed with the claim by the inmate.

As stated above, the original motion filed by Appellant is not in the record, even though he requested that it be included. The trial court's January 5, 2001 order does not include a finding that an affidavit, as described in Tennessee Code Annotated section 41-21-802, is filed with the motion. The "Motion To Alter And/Or Amend Judgment," filed by Appellant *after* the October 19, 2000 order denying his original motion, also fails to contain an affidavit of inability to pay costs as contemplated by Tennessee Code Annotated section 41-21-802.

We therefore conclude that the trial court erred by finding the motion to be "frivolous and malicious" and by ordering the sanctions authorized by Tennessee Code Annotated sections 41-21-807 and -812.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's orders entered on October 19, 2000 and January 5, 2001 insofar as these orders denied Appellant's "Motion For Order Directing Joe C. Crumley, 1st Judicial District Attorney General To Produce To Jaxie Raymond Jones, A Copy Of The Entire Case File Of Case No. 14189." However, we reverse the trial court's order of January 5, 2001 insofar as it found the pleadings of Appellant to be frivolous and malicious pursuant to Tennessee Code Annotated section 41-21-804; insofar as it required him to pay court costs pursuant to Tennessee Code Annotated section 41-21-807; and insofar as it ordered the trial court clerk to not accept for filing any other pleadings by Appellant until the costs of the cause were paid in full pursuant to Tennessee Code Annotated section 41-21-812.

Costs on appeal are taxed to the State of Tennessee.

_____
THOMAS T. WOODALL, JUDGE